IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LISA HEDRICK,

                Plaintiff,

v.                                                  CIVIL ACTION NO.  2:12-cv-00537

CITIMORTGAGE INC.,

                Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the Motion by Lisa Hedrick to Remand to the Circuit Court of Kanawha County [Docket 7]. For the reasons explained below, the plaintiff's motion is **GRANTED**.

**I.**    **Facts and Procedural History**

On February 12, 2012, the plaintiff, Lisa Hedrick, filed a complaint in the Circuit Court of Kanawha County, alleging that the defendant violated the West Virginia Consumer Credit and Protection Act ("WVCCPA"). The complaint states that after Ms. Hedrick fell behind in making payments for a home-secured mortgage loan, CitiMortgage purchased the loan and began to service it. CitiMortgage allegedly demanded payment of and collected appraisal/BPO fees in 2005, charged and collected attorneys' and miscellaneous debt collection fees in 2006 and 2007, and charged and collected bankruptcy and foreclosure-related fees in 2006 and 2007. According to the complaint, "Because CitiMortgage never foreclosed on the Plaintiff's home, but charged foreclosure-related fees and expenses nonetheless, CitiMortgage violated West Virginia Code

§ 46A-2-115(a)." (Compl. [Docket 1-1], at 2.) The complaint includes two counts. Count I alleges that CitiMortgage's demands for attorneys' fees and other default-related charges violated West Virginia Code § 46A-2-115(a), 127(g), and 128(c). Count II alleges that by attempting to collect fees that it did not have a right to assess, CitiMortgage misrepresented the amount of a claim in violation of West Virginia Code § 46A-2-127(d). The plaintiff brings the action on her own behalf and as a class action under Rule 23 of the West Virginia Rules of Civil Procedure.

On February 24, 2012, the defendant removed the suit to this court, asserting that jurisdiction is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). On March 15, 2012, the plaintiff filed the instant Motion to Remand. The plaintiff does not dispute that the diversity requirement of CAFA is met, but argues that the defendant "has offered no evidence whatsoever to establish that this action meets CAFA's jurisdictional threshold of more than 100 class members and more than $5 million in controversy." (Pl.'s Mem. Supp. Mot. Remand [Docket 8], at 4.)

## II.     Legal Standard

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.* For a case to be brought originally in federal court under the section of CAFA at issue in this case, 28 U.S.C. § 1332(d)(2)(A), it must have: (1) more than

§ 46A-2-115(a)." (Compl. [Docket 1-1], at 2.) The complaint includes two counts. Count I alleges that CitiMortgage's demands for attorneys' fees and other default-related charges violated West Virginia Code § 46A-2-115(a), 127(g), and 128(c). Count II alleges that by attempting to collect fees that it did not have a right to assess, CitiMortgage misrepresented the amount of a claim in violation of West Virginia Code § 46A-2-127(d). The plaintiff brings the action on her own behalf and as a class action under Rule 23 of the West Virginia Rules of Civil Procedure.

On February 24, 2012, the defendant removed the suit to this court, asserting that jurisdiction is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). On March 15, 2012, the plaintiff filed the instant Motion to Remand. The plaintiff does not dispute that the diversity requirement of CAFA is met, but argues that the defendant "has offered no evidence whatsoever to establish that this action meets CAFA's jurisdictional threshold of more than 100 class members and more than $5 million in controversy." (Pl.'s Mem. Supp. Mot. Remand [Docket 8], at 4.)

## II.     Legal Standard

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.* For a case to be brought originally in federal court under the section of CAFA at issue in this case, 28 U.S.C. § 1332(d)(2)(A), it must have: (1) more than

$5,000,000 in controversy, exclusive of interest and costs; (2) at least one member of the class who is a citizen of a state different than at least one of the defendants; and (3) at least one hundred class members. 28 U.S.C. § 1332(d)(2)(A); 28 U.S.C. § 1332(d)(5)(B).[1]

### III.   Analysis

To prove that there are more than one hundred putative class members, CitiMortgage has submitted the declaration of Susan A. Wood, Vice President and Operating Manager for CitiMortgage, Inc. Ms. Wood provides the number of first mortgage loans serviced in West Virginia for the calendar years 2008 to 2011 "to which delinquency or default-related charges have actually been incurred." (Decl. Susan A. Wood Supp. Removal & Opp. Mot. Remand [Docket 10-1], at 1.)[2] According to Ms. Wood, there were 477 mortgages that fit into this category in 2011, 706 in 2010, 570 in 2009, and 767 in 2008. (*Id.*)

The defendant argues that this is a conservative measure because it does not go back to 2005, when the plaintiff alleges that she was first assessed improper fees. Nevertheless, because the total number of mortgages from 2008 to 2011 to which delinquency or default-related charges have been incurred is 2,520, the defendant argues that it "can clearly demonstrate that the putative class exceeds the one hundred (100) person threshold required by CAFA." (Resp.

---

[1] Several cases in West Virginia district courts have addressed removal under CAFA where the plaintiff alleges violations of the WVCCPA. *See Pirillo v. PNC Mortg. Corp.*, No. 1:12-cv-7, 2012 WL 761607 (N.D. W. Va. Mar. 7, 2012); *Bohigian v. Flagstar Bank, FSB*, No. 1:11-cv-181, 2012 WL 112322 (N.D. W. Va. Jan. 12, 2012); *Kelford v. Bank of Am., N.A.*, No. 1:11-cv-146, 2011 WL 5593790 (N.D. W. Va. Nov. 17, 2011); *Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519 (S.D. W. Va. 2011); *Krivonyak v. Fifth Third Bank*, No. 2:09-cv-549, 2009 WL 2392092 (S.D. W. Va. Aug. 4, 2009).

[2] CitiMortgage attached to its Notice of Removal a declaration by Joan Naumann, a Director in Mortgage Servicing. Ms. Naumann states that from January 12, 2011, to January 11, 2012, CitiMortgage serviced 12,800 West Virginia loans. CitiMortgage argues that this measure is sufficient to demonstrate by a preponderance of the evidence that at least one hundred of these loans would be subject to foreclosure-related expenses. (Resp. Opp. Pl.'s Mot. Remand [Docket 10], at 5.) The defendant correctly recognizes, however, that courts have required greater specificity to sustain the burden of proving the class size. *See Pirillo*, 2012 WL 761607; *Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d at 526.

Opp. Pl.'s Mot. Remand [Docket 10], at 8.)

To prove the amount in controversy, the defendant recognizes that the maximum statutory penalty under the WVCCPA was $1,000 in 1974 when the statute was passed. *See* W. VA. CODE § 46A-5-101(1). Adjusting this amount in accordance with the Consumer Price Index, the current maximum penalty is approximately $4,500 per violation. *See Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519, 523 n.1 (S.D. W. Va. 2011). Applying the maximum penalty to the "conservative putative class size," the defendant claims that the amount in controversy is $11,340,000. (Resp. Opp. Pl.'s Mot. Remand [Docket 10], at 8.)

The plaintiff contends that Ms. Wood's affidavit is inadequate to establish the putative class size and accordingly the amount in controversy. The plaintiff attacks the affidavit on several grounds, noting that: (1) it does not explain what charges are included within the category of "delinquency or default-related charges"; (2) it includes both delinquency and default-related charges, even though the complaint only alleges that CitiMortgage's assessment of default-related charges violates the WVCCPA; and (3) it does not specify the number of mortgages assessed default-related charges when no foreclosure has occurred. The plaintiff alleges that "The lack of a completed foreclosure is the linchpin here. A borrower whose loan was actually foreclosed . . . may be assessed reasonable charges as a result of default." (Pl.'s Reply Supp. Mot. Remand [Docket 13], at 3.) Accordingly, the plaintiff argues that looking to Ms. Wood's declaration, "it is impossible to determine whether the class consists of one person with the claims asserted in the complaint, or fifty persons, or 2,520 persons." (*Id.*)

I agree with the plaintiff that Ms. Wood's declaration is over-inclusive. Although it provides a smaller universe of mortgages than the total number serviced by the defendant in

4

West Virginia, it does not assist the court in approximating how many of the mortgages that have incurred delinquent or default-related charges are actionable under the WVCCPA or fall into the class proposed by Ms. Hedrick. There is no evidence in the record to determine which mortgages incurred default-related charges versus delinquent charges, which are not challenged by Ms. Hedrick's complaint. There is also no evidence in the record to determine which default-related charges were incurred after a foreclosure. "The mere possibility that the plaintiff and proposed class could meet the requirement is not enough to give this court jurisdiction." *Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519, 528 (S.D. W. Va. 2011). To estimate how many of the loans identified by Ms. Wood's affidavit are subject to the putative class, I would have to rely only on speculation and conjecture. As a consequence, I **FIND** that the defendant has failed to prove by a preponderance of the evidence that the class consists of at least one hundred members. In this case, the proposed class size is inextricably bound up with the amount in controversy. Therefore, without anything more than speculation to prove class size, the defendant has also failed to meet its burden of proof as to the amount in controversy. Accordingly, I **GRANT** the plaintiff's motion to remand and **ORDER** that this case be **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

    The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    April 26, 2012

        *Joseph R. Goodwin*
        Joseph R. Goodwin, Chief Judge